# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JUDITH A. KEENER,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1592** (BOR Appeal No. 2045947)
            (Claim No. 2010109131)

**INTERIM HEALTH CARE OF PHG, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judith A. Keener, by Mikel R. Kinser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Interim Health Care of PHG, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2011, in which the Board reversed a May 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 30, 2009, Order denying the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On September 15, 2009, Ms. Keener sustained injuries to her left shoulder and lower back when she attempted to grab a collapsing table on which she had been doing paper work. On September 30, 2009, the claims administrator denied Ms. Keener's application for workers' compensation benefits on the grounds that Ms. Keener did not receive a personal injury in the course of or resulting from her employment.

In reversing the claims administrator's Order, the Office of Judges found that a preponderance of the evidence established that Ms. Keener sustained injuries to her left shoulder and lower back in the course of and resulting from her employment with Interim Health Care of

1

PHG, Inc. The Board of Review found that Ms. Keener failed to sustain her burden of proof to establish that she sustained a personal injury in the course of and resulting from her employment.

Ms. Keener appealed and asserts that the preponderance of the evidence shows that she suffered a personal injury in the course of and resulting from her employment. Interim Health Care of PHG, Inc. argues that Ms. Keener reported a right shoulder injury and then claimed a left shoulder injury which was not confirmed or supported by any objective evidence.

The Office of Judges concluded that the preponderance of the evidence established that the claim should be held compensable. The Office of Judges noted that although there is a discrepancy regarding whether the right or left shoulder was injured it is clear from the medical evidence that treatment was only rendered to the left shoulder and low back. The Office of Judges also noted that Ms. Amy Utt and Ms. Angelea Loretta verified that the table where Ms. Keener was working had collapsed. Further, it noted that Dr. Lynch opined that Ms. Keener had suffered a work-related injury. The Board of Review found that there were too many discrepancies in the evidence presented and that Ms. Keener had failed to sustain her burden of proof to establish that she sustained a personal injury in the course of and as a result of her employment.

We agree with the reasoning and conclusions of the Office of Judges. The evidence demonstrates that Ms. Keener sustained injuries to her left shoulder and lower back in the course of her and resulting from her employment with Interim Health Care of PHG, Inc. and therefore, the October 26, 2011, Order of the Board of Review is reversed.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Order of the Office of Judges dated May 19, 2011.

Reversed and Remanded.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II